IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH McCRAY,

       Petitioner,

       v.                                  Case No. 05-3323-JWL

DAVID R. McKUNE, Warden, Lansing
Correctional Facility, and PHILL KLINE,
Kansas Attorney General,

       Respondents.

_____

MEMORANDUM AND ORDER

Petitioner Joseph McCray pleaded guilty to two counts each of aggravated kidnapping and aggravated robbery in the District Court of Shawnee County, Kansas, and was sentenced to 214 months imprisonment.  He brings this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. #1).  Therein, he challenges his conviction on the grounds that the district court violated his due process rights by refusing to allow him to withdraw his guilty plea and by accepting a written statement of the factual basis for his guilty plea without reading the facts aloud in open court.  After thoroughly reviewing the parties' motions, briefs, and the underlying record, the court finds that the evidence clearly establishes Mr. McCray is entitled to no relief.  As such, his habeas application is denied.

## BACKGROUND

The testimony at the preliminary hearing in state court revealed that four or five black males came to the home of Arthur Smith in Topeka, Kansas, on the evening of August 1, 2000. One of them rang the doorbell.  Mr. Smith opened the door to a "whole bunch of guns" in his face.  They forced their way into his home, beat him (so badly that they broke or fractured his jaw), stole a number of items, then forced him to go outside and get into a car.  The car was then driven over to the home of Toni Wagner, who was one of Mr. Smith's friends.  Mr. Smith waited in the car while they went into Ms. Wagner's home.  Ms. Wagner, her boyfriend John Drew Meyers, and her friend Natalie Larson were all at Ms. Wagner's home at around 10:30 p.m. that evening when three black men broke into her home.  Mr. McCray came up behind Mr. Meyers while he was working on the computer and put a gun to his head.  The three beat Ms. Wagner, Mr. Meyers, and Ms. Larson and stole a number of items.  These victims recognized the petitioner, Mr. McCray, because they had gone to school with him.  In fact, Ms. Larson testified that at one point during the incident Mr. McCray said, "I went to school with you bitches up at Highland Park."  Mr. McCray was charged with numerous crimes such as aggravated kidnapping, aggravated burglary, aggravated robbery, aggravated battery, and aggravated assault, including multiple counts of some of these crimes.

Mr. McCray entered an *Alford*-type plea by which he maintained his innocence while agreeing to forego his right to a trial.  On the date set for entry of his plea, he changed his mind.  The district judge met with Mr. McCray to discuss the proposed plea agreement.  At the end of the meeting, Mr. McCray indicated that he still wished to proceed to trial rather than

2

entering an *Alford* plea.  But, days later, Mr. McCray elected to proceed with the *Alford* plea.
When he entered his plea, he signed an agreed statement setting forth the factual basis for his
plea.   The court (via a different district court judge than the one who had met with him
previously to discuss the proposed plea agreement) accepted Mr. McCray's *Alford* plea and
sentenced him to 214 months in prison.   Ten days later, Mr. McCray filed a pro se motion to
vacate his plea.   The court (again via yet a different district court judge) held an evidentiary
hearing and denied the motion.   Mr. McCray appealed, and the Kansas Court of Appeals
affirmed his convictions.  *See State v. McCray*, 32 Kan. App. 2d 673, 87 P.3d 369 (2004).

Mr. McCray now seeks to collaterally attack his conviction and sentence by seeking
habeas corpus relief pursuant to 28 U.S.C. § 2254.  He asserts, first, that his due process rights
were violated because he did not enter his *Alford* plea knowingly and voluntarily and, therefore,
the court should have allowed him to withdraw that plea.   Second, he asserts that his due
process rights were violated because the trial court accepted a written statement of the factual
basis for his plea without reading the facts aloud in open court.

## AEDPA STANDARD FOR STATE HABEAS RELIEF UNDER § 2254

Because Mr. McCray filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the provisions of the AEDPA govern this case. *Jackson v. Ray*, 390 F.3d 1254, 1259 (10th Cir. 2004), *cert. denied*, 126 S. Ct. 61 (2005). Under the AEDPA, the court "must defer to a state court decision adjudicated on the merits unless that decision: (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.'" *Id.* (quoting 28 U.S.C. § 2254(d)(1)-(2)). A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision does not satisfy this standard merely because it is incorrect or erroneous; rather, the state court's application of the law must have been objectively unreasonable. *Jackson*, 390 F.3d at 1259. The state court's factual findings are presumed correct unless the petitioner rebuts those findings with clear and convincing evidence. *Turrentine v. Mullin*, 390 F.3d 1181, 1188-89 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 2544 (2005). This court's ruling must rest on the propriety of the state court's decision, not its rationale. *Jackson*, 390 F.3d at 1259 (citing *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999)).

## ANALYSIS

As explained below, the record, briefs, and pleadings clearly establish that Mr. McCray is entitled to no federal habeas corpus relief.   With respect to his argument concerning the voluntariness of his plea, the Kansas Court of Appeals identified the correct governing legal principles, it did not unreasonably apply those principles to the facts of the case, and Mr. McCray has not presented clear and convincing evidence to rebut the state courts' factual findings.   Mr. McCray's second argument, regarding the written statement serving as the factual basis for his *Alford* plea, does not implicate any clearly established law concerning a federal constitutional violation.   As such, Mr. McCray's application for federal habeas relief is denied.

**A.      Refusal to Allow Mr. McCray to Withdraw His Guilty Plea**

On habeas review, this court may set aside a state court guilty plea only if the plea failed to satisfy due process.  *Cunningham v. Diesslin*, 92 F.3d 1054 , 1060 (10th Cir. 1996); *Miles v. Dorsey*, 61 F.3d 1459, 1465 (10th Cir. 1995).   A guilty plea comports with due process if the defendant entered the plea voluntarily and intelligently.   *Cunningham*, 92 F.3d at 1060 (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969)).   The plea must have been knowing and the product of a deliberate, intelligent choice, and the defendant must have had "'a full understanding of what the plea connotes and of its consequences.'" *Id.* (quoting *Boykin*, 395 U.S. at 244).   The court must uphold the state court guilty plea "if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and the defendant voluntarily chose to plead guilty." *Id.*; *accord Miles*, 61 F.3d at 1465.

5

Mr. McCray contends that his guilty plea was not knowing and voluntary largely because of the state court judge's involvement in convincing him to plead guilty.   A judge's participation in plea discussions violates due process only if the involvement causes the defendant "not to understand the nature of the charges against him or the consequences of the guilty plea, or if the judge's participation coerced the defendant to enter into a plea bargain involuntarily."   *Miles*, 61 F.3d at 1467 (quotation omitted).   The constitution does not prohibit the judge from "moderate" participation in plea discussions.   *Id.*   In this case, the judge who met with Mr. McCray testified at the plea withdrawal hearing.   He testified that he met with Mr. McCray for about 15-20 minutes, that Mr. McCray was tracking well and answered his questions intelligently, and that Mr. McCray appeared to have no difficulty understanding what he was talking about.   He told Mr. McCray that if he took the plea, he would be a relatively young man when he got out of prison compared with the age he would be if he did not take the plea and was convicted.   The judge stated that he did not pass on the merits of the case or discuss with Mr. McCray whether he was likely to be convicted.   The Kansas Court of Appeals found that this involvement did not violate Mr. McCray's due process rights, and reasoned as follows:

> *First*, the judge did not volunteer to get involved but rather was requested by McCray's attorneys to assist them in this manner--undoubtedly, counsel felt that the judge would provide impartial and constructive input to this mildly retarded defendant.  *Second*, the judge correctly indicated that his participation would require that he have no further judicial involvement in the matter . . . . *Third*, the judge's involvement was moderate in that he did not opine on the merits of the case or comment on the possibility of conviction.  *Fourth*, there is absolutely no allegation that the judge's participation caused McCray to misunderstand the nature of the charges or the consequences of his plea.  *Fifth*,

and perhaps of most significance, the judge apparently had no determinative influence over McCray's decision, given McCray's clear refusal to enter the plea at the close of the judge's meeting. *Finally*, it appears to this court that the documents presented to and signed by McCray, including the "Petition" and the "Agreed Statement" reflect that all parties and counsel 'went the extra mile' to assure that McCray accepted the agreement freely, voluntarily, and understandingly.

*McCray*, 32 Kan. App. 2d 673, 677, 87 P.3d 369, 372 (2004).

Mr. McCray also contends that the Kansas Court of Appeals failed to judge the cumulative effect of the judge's comments, his attorney's advice (to plead guilty), and his mental status (he is mildly retarded). This argument is without merit. The Tenth Circuit case of *Miles v. Dorsey* involved similar concerns regarding the collective impact of various pressures on the defendant. After finding that the state trial judge's moderate participation in plea discussions did not render the plea involuntary, 61 F.3d at 1467, the court also rejected the argument that the habeas petitioner's attorney had "vigorously urged him to plead no contest, thereby coercing his involuntary plea." *Id*. at 1470 (citing case law for the proposition that "advice-even strong urging" by counsel does not invalidate a plea, nor does an attorney's threat to withdraw from the case); *see also United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996) (guilty plea not coerced by alleged hounding, browbeating, and yelling by defense counsel and co-defendants, where thorough exchange between court and defendant during Rule 11 colloquy clearly demonstrated the willing and voluntary nature of the plea). Additionally, the court rejected the argument that the habeas petitioner's low intelligence rendered his no contest plea involuntary because the court "concluded that he was legally competent to plead no contest." *Id.* at 1470 n.10.

In this case, Mr. McCray has presented an even less compelling case concerning the asserted impropriety of his attorney's advice and/or his mental deficiencies.  The Kansas Court of Appeals observed that in ruling on Mr. McCray's motion to vacate his guilty plea the district court noted that "there was no evidence that McCray was pressured or manipulated into making the plea" and that he "was able to understand the consequences of his plea."  32 Kan. App. 2d at 675, 87 P.3d at 371.  The Kansas Court of Appeals also considered Mr. McCray's "suggestion that mental retardation presents special problems in plea bargaining" and found that although such plea agreements "may deserve special scrutiny, the parties here appear to have been particularly sensitive to the defendant's limitations, consistent with the requirements of due process."  *Id.* at 679, 87 P.3d at 373.  Mr. McCray has not presented any evidence, much less clear and convincing evidence, to rebut those findings.  Indeed, the court has reviewed the transcripts of the plea colloquy and the hearing on Mr. McCray's motion to withdraw his plea, and finds ample evidence to support the Kansas courts' factual finding that Mr. McCray's *Alford* plea was knowing and voluntarily.

In sum, the Kansas Court of Appeals correctly identified the governing legal principles, its finding that the judge's involvement in meeting with Mr. McCray did not violate his due process rights was not an objectively unreasonable application of these legal principles, and Mr. McCray has not presented clear and convincing evidence that rebuts any of the state court's factual findings.  As such, Mr. McCray is entitled to no habeas relief on this theory.

**B.      Acceptance of a Written Statement of the Factual Basis for the Guilty Plea**

An *Alford* plea is one in which a defendant may maintain his or her innocence while agreeing to forego his or her right to a trial.  *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970).  An *Alford* plea is valid only if it is based on the defendant's intelligent conclusion that the record contains strong evidence of actual guilt.  *Wirsching v. Colorado*, 360 F.3d 1191, 1204 (10th Cir. 2004).  A factual basis for a conclusion of guilt must exist before the court can accept an *Alford* plea.  *Id.*

Here, Mr. McCray conspicuously does not argue that a factual basis for his *Alford* plea did not in fact exist.  Rather, his argument is solely that the district court should have established that such a factual basis existed aloud in open court rather than accepting a written statement containing that factual basis.  Mr. McCray contends that this procedure violated K.S.A. § 22-3210.  But this argument does not provide a valid ground for federal habeas relief.  Regardless of whether the district court's actions violated § 22-3210, federal habeas review of state court proceedings "exists to correct violations of the United States Constitution, not errors of state law."  *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000);  *see also Jones v. Gibson*, 206 F.3d 946, 959 (10th Cir. 2000) ("Federal habeas relief is not available for state law errors, however; rather, it is limited to violations of federal constitutional rights.").  This court has not located any case by the Supreme Court of the United States or any other appellate-level federal court which suggests that including the factual basis for an *Alford* plea in a written document constitutes a violation of a federal constitutional right.  In the absence of any clearly established law on this issue, Mr. McCray is entitled to no habeas relief on this theory.

9

**IT IS THEREFORE ORDERED BY THE COURT**  that Mr. McCray's application for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is denied.


**IT IS SO ORDERED** this 9th day of May, 2006.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge