## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JOSEPH McCRAY,**

      **Petitioner,**

      **v.**                                               Case No. 05-3323-JWL

**DAVID R. McKUNE, Warden, Lansing**
**Correctional Facility, and PHILL KLINE,**
**Kansas Attorney General,**

      **Respondents.**

_____

### ORDER

On May 9, 2006, the court entered judgment denying petitioner Joseph McCray's petition for habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on petitioner's application for a certificate of appealability (doc. #25). To obtain a COA, Mr. McCray must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1) and (2). "To do so, Petitioner must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Shipley v. Oklahoma*, 313 F.3d 1249, 1250-51 (10th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In Mr. McCray's petition, he sought habeas relief on two grounds. First, he argued that the district court violated his due process rights because he did not enter his *Alford* plea knowingly and voluntarily and, therefore, the district court should have allowed him to

withdraw that plea. In denying Mr. McCray habeas relief on this claim, the court found that the record, briefs, and pleadings clearly established that he was entitled to no federal habeas relief because the Kansas Court of Appeals identified the correct legal principles, its finding that the state judge's involvement in meeting with Mr. McCray did not violate his due process rights was not an unreasonable application of those legal principles, and Mr. McCray had not presented clear and convincing evidence to rebut any of the state court's factual findings. In Mr. McCray's application for a COA, he has largely reiterated the arguments he already raised in his habeas petition, all of which the court rejected based on controlling Tenth Circuit precedent. Accordingly, the court has no difficulty concluding that he has not demonstrated that reasonable jurists could debate whether (or, for that matter, agree that) his petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

The second argument that Mr. McCray raised in his habeas petition was that the district court should have established that a factual basis for his *Alford* plea existed aloud in open court rather than by accepting a written statement containing the factual basis. In support of this argument, Mr. McCray contended that this failure violated a Kansas procedural statute. The court, however, explained that federal habeas review of state court proceedings exists to correct federal constitutional violations, not errors of state law, and that the court had not located any case by any appellate-level federal court which suggests that including the factual basis for an *Alford* plea in a written document constitutes a violation of a federal constitutional right. Consequently, the court concluded that Mr. McCray was entitled to no habeas relief on

2

this theory in the absence of any clearly established law on this issue. In Mr. McCray's application for a COA, he still fails to point to any clearly established federal law on this issue. As such, the court also has no difficulty concluding that he has not demonstrated that reasonable jurists could debate whether (or, for that matter, agree that) his petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McCray's application for a certificate of appealability (doc. #25) is denied.

**IT IS SO ORDERED** this 13th day of June, 2006.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge